IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRYAN O'NEAL WORMLEY                                                              PLAINTIFF
#117888

v.                                      4:23-cv-00579-LPR-JJV

BAEOSK, Deputy Officer,
Pulaski County Detention Center; *et al.*                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   **DISCUSSION**

Bryan O'Neal Wormley ("Plaintiff") has filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging Defendants Baeosk and Murphy denied his constitutional rights while he was in the Pulaski County Detention Facility ("PCDF"). (Doc. 2.) In June 2023, I granted him permission to proceed *in forma pauperis*, advised him of his obligations under Local Rule 5.5(c)(2), and cautioned him this case could be dismissed if he failed to properly comply with that rule. (Docs. 4, 6.) Thereafter, Defendant Murphy was dismissed without prejudice because the Complaint did not contain a plausible claim against him. (Doc. 19.) But the case continued

on as to Plaintiff's claims against Defendant Baeosk.

On November 20, 2023, mail sent by the Court to Plaintiff at the PCDF, which was his last known address, was returned undelivered because Plaintiff was no longer in that facility. (Doc. 20.)  Accordingly, on November 27, 2023, I entered an Order giving Plaintiff thirty days to update his mailing address and either pay the filing fee in full or file a new IFP Application. (Doc. 21.)  And I cautioned Plaintiff I would recommend dismissal if he did not timely comply with my instructions.

Plaintiff has not complied with my November 27, 2023 Order, and the time to do so has expired.  Because the Court has no way to contact Plaintiff, it would be futile to grant him an extension of time to comply with my instructions.  (Docs. 22, 23, 24.)  Accordingly, I recommend this case be dismissed without prejudice due to a lack of prosecution.  *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2).

Additionally, Defendant Baeosk has filed a Motion arguing this case should be dismissed because Plaintiff did not comply with my November 15, 2023 Order granting a Motion to Compel and directing Plaintiff to respond to discovery requests no later than December 6, 2023. (Docs. 16, 18, 25.)  Defendant Baeosk's Motion to Dismiss is well founded and an additional basis for closing this case.  *See* Fed. R. Civ. P. 37 (b)(2)(A)(v) and 41(b).

## II.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendant Baeosk's Motion to Dismiss (Doc. 25) be GRANTED, Plaintiff's claims against Defendant Baeosk be DISMISSED without prejudice due to a lack of prosecution, and this case be CLOSED.

2.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 4th day of January 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE